The opinion of the court was delivered by
Bermxjdbz, C. J.
The State appealed from a judgment quashing the indictment for larceny herein and discharging the accused, the court considering that it had no jurisdiction to try the case.
The motion to quash charged that, if true it be that the larceny was committed in one parish and the property stolen taken to another contiguous one, the court of the latter parish had no jurisdiction and that the court of the former was the only one having-authority in the premises.
The law is clear on the subject. “ When the larceny has been committed in one county (animo furandi) the offender is, in the eye of the law, guilty of larceny in every county into which the goods may have been carried. The rule applies as well to property which is made the subject of larceny by statute as to property which is the subject of larceny by the common law.
When there is one continuing transaction, though there may be-several distinct asportations in law, yet the party may be indicted! for the final carrying away and all who concur are guilty though they were not privy to the first or intermediate act.
“ One aiding or abetting in a larceny in one county, and afterward concerned in the possession and disposal of the stolen property in *229 another county, though the goods were removed to the latter county without his agency, may be convicted of larceny in the latter county.” 'Wharton Grim. Law, 7th ed. 928, etseq.
An indictment for larceny must be tried in the county in which ithe offence was either actually or in contemplation of law committed; but where goods stolen in one county are carried by the offender in •another' or others, he may be indicted in any of them, for the continuance of the asportation is a new caption. Roscoe Or. Ev. 644.
Besides, Sec. 988 of the R. S. distinctly provides that: Whenever ;any crime or misdemeanor shall be begun in one parish and ■completed in another, it may be dealt with, inquired of, tried, determined and punished in either of the parishes in the same manner as if it had been actually and wholly committed therein.
Quashing an indictment found in the parish to which the stolen property was carried, on the ground of want of jurisdiction, is error.
It is therefore ordered and decreed that the judgment of the lower •court be reversed, that the motion to quash be everruled, that the indictment be reinstated and that the case be remanded to the lower •court for further proceedings according to law.